IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Roger Mitchell Riera,                    :
                              Appellant  :
                                         :
          v.                             : No.  894 C.D. 2023
                                         : Submitted:  February 4, 2025
Lycoming County                          :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE STACY WALLACE, Judge (P.)
           HONORABLE MATTHEW S. WOLF, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                          FILED:  May 23, 2025


          Roger Mitchell Riera (Requester) appeals from the order of the Court of
Common Pleas of Lycoming County (trial court) dated July 13, 2023, denying in
part and otherwise dismissing as moot Requester's appeal from the Pennsylvania
Office of Open Records' (OOR) March 13, 2023 Final Determination.  In its Final
Determination, the OOR denied and otherwise dismissed as moot Requester's appeal
from Lycoming County's (County) denial of his Right-to-Know Law[1] request
(Request).  After review, we affirm.

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

On January 13, 2023, Requester submitted his Request to County seeking certified copies of:

> The most recent version of: County of Lycoming, PA[,] Articles of Incorporation[,] which includes the official certificate of incorporation and notice published in a periodical.
>
> (Pursuant to Laws of Pennsylvania No. 164 Page 384 Lycoming "Recorder of Deeds" recorded said documents; see codification in Title 53 Municipality Act of 1945).

Original Record, Item No. 1. After a 30-day extension, County denied the Request on February 2, 2023. County provided Requester the following response:

> Your request is denied. The county is unable to determine what record you seek. The provision of corporate power to Lycoming County is presently vested pursuant to the County Code, 16 P.S. 201 et seq., as a political subdivision of the Commonwealth of Pennsylvania. See e.g. 16 P.S. 201 ('The State shall be divided into the following sixty-seven named counties, as not established by law: . . . Lycoming . . .') see also 16 P.S. 203 ('The corporate power of each county shall be vested in a board of county commissioners.').

*Id*.

On February 15, 2023, Requester appealed to the OOR. In his appeal, Requester asserted County "failed to include the specific reasons for [its] denial including Citations of Supporting Legal Authority" and failed to contact County's recorder of deeds to see if that office possessed the requested records. *Id*. Requester asked the OOR to grant his appeal, direct County to produce the requested records, and find County acted in bad faith. *Id*.

In response, County submitted an attestation of the Assistant County Solicitor (Solicitor) to the OOR for its consideration. *Id*. In his attestation, Solicitor explained County is not an incorporated entity but rather is a political subdivision of the

Commonwealth. *Id.* Solicitor noted County differs from an entity like a Municipal Authority, which would have articles of incorporation and have published notice of the adoption of the same, by virtue of the requirements under the Municipality Authorities Act.[2] *Id.* Notwithstanding, Solicitor indicated he "inquired with pertinent County employees, including the Open Records Officer . . . and Recorder of Deeds . . . , as to whether any record that would be responsive to the [R]equest exist[ed]." *Id.* According to Solicitor, neither of those parties was aware of any record within County's records responsive to the Request. *Id.* Moreover, Solicitor stated the Recorder of Deeds searched his archives and files within the Prothonotary's Office for any records responsive to the Request, and he found none. *Id.* According to Solicitor, the sole document found even remotely related to the Request was the 1795 deed reflecting the original land grant creating Lycoming County out of a portion of Northumberland County. *Id.* Solicitor concluded "County . . . searched its records to the best of its ability. No record exists that is responsive to the [R]equest. The deed attached is what created the County-it was not created by articles of incorporation." *Id.*

On March 13, 2023, the OOR issued its Final Determination dismissing Requester's appeal. The OOR explained:

> County submitted an attestation made subject to the penalties of unsworn falsification to authorities, 18 Pa.C.S. § 4904, from [Solicitor] . . . attesting that the Recorder of Deeds searched the archives and no responsive records could be located . . . . Additionally, the only document located by the County that could be related to the Request is the 1795 deed that reflects the original land grant creating Lycoming County out of a portion of Northumberland County . . . . This evidence demonstrates that [County] provided all potentially responsive records to the Requester on February 28, 2023, and no other records exist in its possession, custody or control. The Requester has not submitted any

---

[2] 53 Pa.C.S. §§ 5601-5623.

3

evidence to the contrary. Therefore, because [County] provided all potentially responsive records to the Requester and has demonstrated that no Articles of Incorporation exist, the appeal is **denied in part** and **dismissed as moot in part**.

*Id*. Moreover, the OOR declined to find County acted in bad faith. *Id*.

On April 5, 2023, Requester appealed the OOR's Final Determination to the trial court. After hearing argument and permitting Requester to submit additional documentation, the trial court issued its order denying, in part, and otherwise dismissing as moot Requester's appeal.

Requester now appeals to this Court. On appeal, Requester contends the trial court erred as a matter of law by concluding the requested records do not exist. Requester's Br. at 4. Additionally, Requester asserts the trial court erred by accepting Solicitor's attestation, which he claims was "conclusory" because County failed to properly search for the records. *Id*. Requester also asserts the trial court erred by stating County is not an authority under the Municipality Authorities Act. *Id*. In response, County maintains the trial court properly denied the Request and contends Requester has mistaken the entity known as "Lycoming County Authority" for County. County's Br. at 1.

After review, we have determined this matter was ably resolved in the comprehensive and well-reasoned Opinion and Order of the Honorable Eric R. Linhardt. Accordingly, we affirm on the basis of the trial court's Opinion in *Riera v. Lycoming County* (C.P. Lycoming, Case No. CV-23-00,409, filed July 14, 2023).

_____
STACY WALLACE, Judge

4

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Roger Mitchell Riera,        :
              Appellant  :
                           :
          v.             :  No.  894 C.D. 2023
                           :
Lycoming County          :

# **O R D E R**

     **AND NOW**, this 23rd day of May 2025, the Court of Common Pleas of Lycoming County's order dated July 13, 2023, is **AFFIRMED**.

 

_____
STACY WALLACE, Judge